IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD A. MURDAUGH, individually and on behalf of other similarly situated employees and former employees of Defendants,<br>    Plaintiff(s),<br><br>vs.<br><br>PIONEER CONTRACT SERVICES, INC., ED FRITCHER, ROGER FRITCHER and RUSTY FRITCHER,<br>    Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO: _____<br>JURY |

_____

**COLLECTIVE ACTION COMPLAINT**
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Donald A. Murdaugh, Plaintiff, files this Complaint, individually and on behalf of other similarly situated current and former employees and workers at Pioneer Contract Services, Inc., complaining of Pioneer Contract Services, Inc., Ed Fritcher, Roger Fritcher and Rusty Fritcher (collectively referred to herein as "Defendants"), and would respectfully show the following:

**I. PARTIES**

    1.1.    Plaintiff, *Donald A. Murdaugh* ("Murdaugh"), is an individual residing in Harris County, Texas, who files this lawsuit on his behalf and on behalf of other similarly situated current and former employees and workers at Pioneer Contract Services, Inc. who may subsequently opt-in this lawsuit.

1.2.   Defendant, *Pioneer Contract Services, Inc.*, ("Pioneer") is a Texas corporation, doing business in Harris County, Texas and may be served with summons by serving its registered agent, C. Leland Hamel, 5300 Memorial Drive, Suite 900, Houston, Texas 77007.

1.3.   Defendant, *Ed Fritcher*, is an individual believed to be residing in Harris County, Texas, and may be served with summons at his place of business at Pioneer Contract Services, Inc., 8090 Kempwood, Houston, Texas 77055.

1.4.   Defendant, *Roger Fritcher*, is an individual believed to be residing in Harris County, Texas, and may be served with summons at his place of business at Pioneer Contract Services, Inc., 8090 Kempwood, Houston, Texas 77055.

1.5.   Defendant, *Rusty Fritcher*, is an individual believed to be residing in Harris County, Texas, and may be served with summons at his place of business at Pioneer Contract Services, Inc., 8090 Kempwood, Houston, Texas 77055.

## II. COLLECTIVE ACTION

2.1.   Murdaugh files this complaint on his own behalf and on behalf of other similarly situated current and former employees and staffing firm workers at Pioneer pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Murdaugh files this complaint on his behalf and on behalf of other Contract Managers, Movers, Drivers, Supervisors, Panel Techs, Computer Techs, Panel Tech Supervisors and other similarly situated current and former hourly employees and staffing firm workers performing work for Pioneer (the "Class") at any time from October 29, 2007, to the present (the "Relevant Time Period").

2.2.   Pioneer exercised sufficient control over and/or the staffing firm workers were so economically dependent upon Pioneer that they were in fact employees of Pioneer.

### III. Venue

3.1.　Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district.

### IV. Jurisdiction

4.1.　This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

### V. Statement of Causes of action

5.1.　Pioneer is a moving company primarily engaged in the commercial moving industry. Ed Fritcher, Roger Fritcher and Rusty Fritcher (the "Fritchers") are owners and managers of Pioneer who were involved in the day-to-day operations of Pioneer and acted directly or indirectly on behalf of Pioneer in regard to the wage and hour decisions made the basis of this complaint. As such Pioneer and the Fritchers are employers under the FLSA.

5.2.　Pioneer was an "employer" of Murdaugh within the meaning of 29 U.S.C. § 203(d) since approximately March 30, 2010.

5.3.　Pioneer was an "enterprise" as that term is defined in the FLSA, 29 U.S.C. § 203(r), during the Relevant Time Period.

5.4.　Pioneer was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in the FLSA, 29 U.S.C. § 203(s), during the Relevant Time Period.

5.5.　During his employment Murdaugh has been an individual employee engaged in commerce or in the production of goods for commerce as required by the FLSA, 29 U.S.C. §§ 206-207.

5.6. Murdaugh began working for Pioneer on or about March 30, 2009, as a Contract Manager. During his employment with Pioneer, Murdaugh was paid an hourly wage, not a salary.

5.7. Pioneer did not pay Murdaugh for all the time he worked.

5.8. For example, Murdaugh typically was required to be at Pioneer an hour prior to the first scheduled job of the day, where he would participate in preparing and loading the moving truck with equipment for the scheduled job. He would then drive or ride in the truck to the customer's location. After finishing at the customer's location, Murdaugh would drive or ride in the truck back to Pioneer where he would be required to unload the truck. Pioneer would only pay Murdaugh from the time he arrived at the customer's location until the time he left the customer's location, with the exception that if he was the driver on the job, Pioneer would pay Murdaugh for an extra hour per day. Also, Pioneer contended it paid drivers from the time they left the Pioneer yard until they returned. However, the extra hour usually did not cover all the time and it was not paid to Murdaugh and others if they were not the driver. Also, the driver's times were not always calculated from the time of leaving the yard at Pioneer until returning to it.

5.9. In addition to the foregoing, Pioneer customarily shorted time from Murdaugh's paychecks requiring him to constantly submit paperwork alerting Pioneer to the shortage. Even then Pioneer did not fully compensate Murdaugh for all the hours he worked. By this practice Pioneer systematically steals money from Murdaugh and the Class members.

### VI. VIOLATION OF THE FLSA

6.1. Murdaugh would show Defendants are liable to him for unpaid minimum wages and overtime compensation under the FLSA.

6.2. Murdaugh seeks, and is entitled to, a recovery of liquidated damages on his claims under the FLSA.

6.3. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe Murdaugh was exempt under the FLSA or that Defendants' practices were permitted by the FLSA. Defendants did not act in good faith in failing to pay Murdaugh in accordance with the requirements of the FLSA.

## VII. ATTORNEY'S FEES

7.1. Defendants' refusal to abide by their statutory obligations to Murdaugh has made it necessary for him to employ the undersigned attorney to file this lawsuit. Murdaugh requests the Court to award a reasonable fee, pursuant to the FLSA, for his attorney's services rendered and to be rendered herein, at the trial court and the court of appeals and Supreme Court if necessary, as well as expenses and court costs. Should Class members join this lawsuit and retain the undersigned, such fees, expenses and court costs are sought for work performed on their behalf as well.

## VIII. SECTION 216(b) COLLECTIVE ACTION

8.1. As mentioned above, Murdaugh files this complaint on his own behalf and on behalf of the Class pursuant to Section 216(b) of the FLSA, who were not paid minimum wage and time and one-half overtime as required by the FLSA for the hours they worked and for which Defendants did not pay.

8.2. The Class members were paid hourly. They were not paid a salary.

8.3. It was Defendants' policy and/or practice to not pay Murdaugh and the Class for time they worked before or after leaving the customer's location, with the exception of the driver

as mentioned above, and the extra hour per day paid the driver was insufficient to cover all the time worked by the driver.

8.4. In addition to the foregoing, Defendants customarily shorted time from the Class members' paychecks requiring them to constantly submit paperwork alerting Defendants to the shortage. Even then Defendants did not fully compensate them. By this practice Defendants systematically steal and have stolen money from Class members.

8.5. Because Defendants did not pay at all for such work, Defendants have violated the minimum wage and maximum hour provisions of the FLSA as to the Class.

8.6. Defendants did not act in good faith in failing to pay the Class members in accordance with the requirements of the FLSA.

8.7. Defendants' violations of the FLSA were willful. Defendants knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendants to believe the Class members were not owed for the time they worked or were exempt under the FLSA.

8.8. Therefore, the Class members are owed minimum wage and overtime, liquidated damages and attorney's fees, for the same reasons as Murdaugh. The Class members should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA.

## IX. JURY DEMAND

9.1. Murdaugh demands a jury on all issues to be tried in this matter.

## PRAYER

WHEREFORE, Plaintiff prays that Defendants be summoned to appear, that notice be issued to other non-exempt employees and former employees of Defendants, and that on final trial of this matter, Plaintiff be granted relief as follows:

(a) Judgment declaring that the acts and practices of Defendants described herein violate the FLSA, as amended;

(b) Judgment declaring that the acts and practices of Defendants described herein constitute a willful violation of the FLSA, as amended;

(c) Judgment directing Defendants to pay Plaintiff and other plaintiffs who may opt-in this litigation, actual and liquidated damages for violations of the FLSA, as amended;

(d) Costs of suit and reasonable attorney's fees;

(e) Prejudgment and post-judgment interest as provided by law; and

(f) Such other and further relief, in law and in equity, to which Plaintiff and such other plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF G. SCOTT FIDDLER, P.C.

/S/ G. SCOTT FIDDLER
_____
G. SCOTT FIDDLER
SBOT # 06957750
FID # 12508
9601 Jones Road, Suite 250
Houston, Texas 77065
Tel:   281-897-0070
Fax:   713-462-0078
scott@fiddlerlaw.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF(S)